UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO T. AMODO,
an individual,

       NO. CIV. S-10-177 MCE/DAD PS

      Plaintiff,

   v.

       O R D E R

HOMEQ SERVICING CORPORATION,
dba NEW CENTURY MORTGAGE, a
corporation, et al.,

      Defendants.

_____/

This case concerns the pending foreclosure of plaintiff's home and plaintiff's eviction from this home. Plaintiff has filed an ex parte motion for a temporary restraining order ("TRO"). Because plaintiff is unable to obtain injunctive relief for the violations of federal law described in the motion, plaintiff's motion is denied.

**I. STANDARD**

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Ordinarily, a plaintiff seeking a preliminary injunction must

1

1 demonstrate that it is "[1] likely to succeed on the merits, [2]

2 that he is likely to suffer irreparable harm in the absence of

3 preliminary relief, [3] that the balance of equities tips in his

4 favor, and [4] that an injunction is in the public interest." Am.

5 Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th

6 Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct.

7 365, 374 (2008)).  The requirements for a temporary restraining

8 order are largely the same.  Stuhlbarg Int'l Sales Co. v. John D.

9 Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001); see also Wright and

10 Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.).

11     Courts apply a more stringent standard where an adverse party

12 has not received notice of a motion for a TRO. Specifically, courts

13 may only "issue a temporary restraining order without written or

14 oral notice to the adverse party or its attorney if: [¶] (A)

15 specific facts in an affidavit or a verified complaint clearly show

16 that immediate and irreparable injury, loss, or damage will result

17 to the movant before the adverse party can be heard in opposition;

18 and [¶] (B) the movant's attorney certifies in writing any efforts

19 made to give notice and the reasons why it should not be required."

20 Fed. R. Civ. P. 65(b)(1).

## II. ANALYSIS

22     Plaintiff seeks a restraining order enjoining defendant's

23 foreclosure of his home loan. The balance of hardships tips sharply

24 in support of plaintiff because he will lose his home if an

25 injunction does not issue. In contrast, defendants will suffer no

26 serious hardship as their security in the home will remain.

1  Similarly, plaintiff faces the irreparable harm of foreclosure of

2  his home. Because both of these elements tip sharply in plaintiff's

3  favor, plaintiff must only establish a serious question as to his

4  likelihood of success for the court to issue a TRO.

5      Plaintiff contends that he is entitled to such an order

6  because (1) he is entitled to relief under the Real Estate

7  Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 , et seq.;

8  and (2) he is entitled to relief in the form of rescission under

9  the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. Because

10 plaintiff is not entitled to injunctive relief under either of

11 these statutes, he has not established any significant likelihood

12 of success on the merits. Thus, his motion for a TRO is denied.

13      **A.   RESPA**

14     Plaintiff's RESPA claim is based upon his lender's failure to

15 provide plaintiff with a "Good Faith Estimate" as required by

16 RESPA. 24 C.F.R. § 3500.7. "A loan originator that violates the

17 requirements of this section shall be deemed to have violated

18 section 5 of RESPA." Id. Section 5 of RESPA only affords the

19 following types of relief for individual plaintiffs:

20     (A)   any actual damages to the borrower as a result of
             the failure; and
21     (B)   any additional damages, as the court may allow, in
             the case of a pattern or practice of noncompliance
22           with the requirements of this section, in an amount
             not to exceed $1,000.
23

24 12 U.S.C. § 2605(f)(1). While plaintiff may be entitled to relief

25 based on defendants failure to provide a good faith estimate, such

26 failure cannot be remedied through injunctive relief, including

3

1  enjoining foreclosure of plaintiff's home. Moreover, plaintiff's

2  claim under RESPA is not affected by foreclosure of his home.

3  Specifically, plaintiff still has a cause of action under RESPA for

4  failure to provide a good faith estimate at loan origination after

5  his home is foreclosed upon. Thus, plaintiff's RESPA claim does not

6  entitle plaintiff for a TRO enjoining the foreclosure of his home

7  because he is not likely to succeed on the merits of this claim

8  insofar as he seeks injunctive relief.

9       **B.   TILA Rescission**

10      Plaintiff also argues that foreclosure of his home should be

11 enjoined because he is entitled to rescission under TILA. While a

12 rescission claim may warrant the granting of a TRO, plaintiff's own

13 admissions bar him from rescission under TILA. Specifically,

14 Regulation Z, which implements TILA, states that, "The right to

15 rescind does not apply to . . . a residential mortgage

16 transaction." 12 C.F.R. § 226.15(f). Regulation Z defines a

17 residential mortgage transaction as, "a transaction in which a

18 mortgage, deed of trust, purchase money security interest arising

19 under an installment sales contract, or equivalent consensual

20 security interest is created or retained in the consumer's

21 principal dwelling to finance the acquisition or initial

22 construction of that dwelling." 12 C.F.R. § 226.2(a)(24). Plaintiff

23 admits that his TILA claim arises out of the original loan to

24 acquire his home. Thus, plaintiff's TILA claim does not entitle

25 plaintiff for a TRO enjoining the foreclosure of his home because

26 he is not likely to succeed on the merits of this claim.

**III. CONCLUSION**

For the foregoing reasons, plaintiff's motion for a temporary restraining order, Doc. No. 2, is DENIED.

IT IS SO ORDERED.

DATED:  January 22, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT